William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY (TRENTON)

LUANN DUNKINSON,
          Plaintiff,

CASE NO. 3:10-cv-06489-FLW-LHG

     vs.

Judge Freda L. Wolfson
Magistrate Judge Lois H. Goodman

CITIGROUP, INC. (d/b/a) THD/CITIBANK
USA; EXPERIAN; TRANSUNION;
OXFORD COLLECTION AGENCY, INC.
d/b/a OXFORD MANAGEMENT SERVICES;
and ANTONIO LAMEIRAS;
          Defendants.

## TRANS UNION, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

Trans Union, LLC ("Trans Union"), by counsel, responds to Plaintiff's Complaint (the "Complaint") as follows.   For the Court's convenience, Plaintiff's allegations are set forth verbatim with Trans Union's responses immediately following.

### INTRODUCTION

1.     This is an action for damages and declaratory relief by an individual consumer for Defendants' joint and several repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter FDCPA), the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.,*

(hereinafter FCRA), The Fair Credit Billing Act 15 U.S.C. §1666 *et seq.,* (Hereinafter FCBA), conversion, negligence and additional claims stated within.

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law).  Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

JURISDICTION AND VENUE

2.    Jurisdiction of the Court arises under 28 U.S.C. 1331 in that this dispute involves predominant issues of federal law.  Defendants have violated the provisions of the FDCPA and FCRA.  Declaratory relief is available pursuant to 28 U.S.C. 2201 and 2202.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. 1367.  Venue in this District is proper in that Plaintiff resides here, Defendants transact business here and the conduct complained of occurred here.

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

PARTIES

3.    Plaintiff, LuAnn Dunkinson, is a natural person residing at 410 20th Avenue, Brick, New Jersey, 08724, and a consumer pursuant to FCRA and FDCPA.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

4.      Defendant, Citigroup Inc., doing business as THD/Citibank USA, is a global banking Corporation with its corporate headquarters located at 399 Park Avenue, New York, New York, 10043.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

5.      Defendant, Experian, is a credit reporting agency pursuant to FCRA, with their address at PO Box 9556, Allen, TX 75013, and is a "Credit Reporting Agency" pursuant to FCRA.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

6.      Defendant TransUnion, is a credit reporting agency with its corporate headquarters located at 555 W Adams St, Fl 6, Chicago, Illinois 60661-3719, and is a "Credit Reporting Agency" pursuant to FCRA.

**ANSWER**:    Trans Union admits that it is a "consumer reporting agency" as that term is defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*  Trans Union admits that it is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Trans Union states that the remaining allegations of this paragraph are legal conclusions and, so stating, denies them.

7.      Defendant, Oxford Collection Agency, Inc. d/b/a Oxford Management Services (Hereinafter "Oxford Management Services") is a debt collection company with corporate headquarters located at 4180 Okeechobee Rd., Fort Pierce, Florida 34947, and is a "Debt Collector" as defined by FDCPA and a "Furnisher" as defined by FCRA.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

8.     Defendant, Antonio Lameiras, is a natural person residing at 103 W. Surf Way, Lavallette, NJ 08735.  He is the ex-husband of Plaintiff.

**ANSWER**:   Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

## FACTUAL ALLEGATIONS

9.     In or around the first week of January, 2010, Plaintiff, Luann Dunkinson, tried to cosign a student loan for her daughter.  Plaintiff's loan application was declined.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

10.     Plaintiff immediately ordered her credit reports from the three major bureaus, Equifax, Defendant Experian and Defendant TransUnion, to ascertain why her loan application was denied despite her good credit history.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

11.     When Plaintiff received the reports on or around January 8, 2010, she became aware of a charged off account related to a Home Depot/Citibank USA line of credit from defendant Citigroup Inc.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

12.     Plaintiff opened a joint Home Depot/Citibank credit card account with her ex-husband, Antonio Lameiras, in 1997. Following her divorce on June 7, 1999, over 11 years ago, the divorce Judge Hon. Wendel E. Daniels ordered the joint account to be closed, with Plaintiff's ex-husband, Defendant Antonio Lameiras, responsible for any remaining payments on the account.  The Order further directed that all joint accounts were to be closed and all credit cards associated with those accounts were to be destroyed.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

13.     Plaintiff was not aware that the Home Depot credit card account was still in her name 10 years after the divorce, and was still being used by her ex-husband fraudulently without her knowledge or consent.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

14.     On or Around [sic] January 8, 2010 Plaintiff filed disputes with all three major credit reporting agencies, Equifax, Experian and TransUnion, disputing the account was not hers and that it was being fraudulently used by her ex husband.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union,

which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

15.     All three credit bureaus replied to the dispute on or around January 12, 2010, stating that the account has been verified and it would not be removed from her credit report.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

16.     Plaintiff spoke on the phone to Equifax, who asked her to fax her divorce decree as proof of her identity theft claim. Following receipt of the divorce document, Equifax deleted the account from Plaintiff's report on or about January 25, 2010.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

17.     Plaintiff also submitted her divorce decree to Defendants Experian and TransUnion.

**ANSWER**:     Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5). Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

18.     On January 15, 2010, Defendant Experian mailed a letter to Plaintiff stating "A divorce decree may not affect your contracts with creditors if you have a joint account with your ex-spouse.  You may need to negotiate repayment with creditors."  Defendant did not delete the account from Plaintiff's report.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

19.     Defendant TransUnion reopened the dispute on or around February 3, 2010, however they notified Plaintiff on February 10, 2010 and again on February 25, 2010 that they would not remove the disputed item from her report.

**ANSWER**:   Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

20.     On or around January 20, 2010, Plaintiff called Defendant THD/Citibank USA, who refused to assist Plaintiff in the matter, but directed her to call Defendant debt collector Oxford Management Services.

**ANSWER**:   Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

21.     On or around January 20, 2010, Plaintiff called Defendant Oxford Management Services, disputing the debt and explaining that her ex-husband fraudulently used the account in her name.

**<u>ANSWER</u>**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

22.    Defendant Oxford Management Services asked for Plaintiff's ex-husband's social security number, which Plaintiff provided.  Defendant then said that since she was on the account originally, 10 years ago, she is responsible for the payment on the account.

**<u>ANSWER</u>**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

23.    Prior to this conversation with THD/Citibank USA, Plaintiff was unaware of the debt, and never received any collections communication from either THD/Citibank USA, Oxford Management Services, or any other debt collector(s).

**<u>ANSWER</u>**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

24.    On February 19, 2010, Plaintiff sent a letter to Defendant Oxford Management Services, again disputing the debt and explaining that the account was fraudulently used by her ex-husband and she wasn't aware of the debt until her recent discovery thereof after she accessed her credit reports.

**<u>ANSWER</u>**:    Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

25.     In or around March, 2010, Plaintiff called Defendant Oxford Management Services to ask whether they received the letter. Defendant Oxford Management Services told Plaintiff that they sold the debt to another debt collector.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

26.     On April 12, 2010, Plaintiff filed a Motion in Family Court against her ex-husband, seeking relief from the collection efforts against her and to remove the derogatory account from her credit report.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

27.     In or around May of 2010, the Family Court again clearly affirmed that the Home Depot credit card was to be paid off by Plaintiff's ex-husband and the cards were to be destroyed, and the account closed.  However, the court did not have jurisdiction to compel the debt collectors and credit bureaus to remove the debt from Plaintiff's reports.

**ANSWER**:     Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of these allegations, which has the effect of a denial under Rule 8(b)(5).

28.     In or around June of 2010, Plaintiff sent a copy of the new court order, along with a letter asking that the THD/Citibank USA account be removed, to Defendants Experian, and TransUnion.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

29.    On or about June 30, 2010, Defendants Experian and TransUnion again refused to delete the account from Plaintiff's credit report.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

30.    As of the date of this Complaint, the negative tradeline of the charged off THD/Citibank USA account is still listed on Plaintiff's Experian and TransUnion credit reports.

**ANSWER**:    Trans Union states that it lacks knowledge or information at this time sufficient to form a belief about the truth of these allegations as they apply to Trans Union, which has the effect of a denial under Rule 8(b)(5).  Trans Union states that it lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations, which has the effect of a denial under Rule 8(b)(5).

31.    Plaintiff suffered actual damages as a result of the inaccurate and false credit reporting in that she could not co-sign her daughter's school loan.  Plaintiff's excellent credit score was destroyed as a result of this negative information.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

32.     Since Defendants first reported the fraudulent account on Plaintiff's report, and continuously by refusing to delete the account, Defendants' actions have prevented Plaintiff from receiving any market-rate loans and new credit.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

33.     Plaintiff has suffered damages and expended much time and efforts, and has incurred monetary losses and attorney's fees in attempt to resolve the issue, to no avail.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

34.     Plaintiff suffered severe emotional distress due to the violative actions of each of the Defendants.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

<u>FIRST CLAIM:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT</u>

35.     The Plaintiff re-alleges and incorporates paragraphs 1-34 above as if fully set out herein.

**<u>ANSWER</u>**:     Trans Union reasserts its answers and responses set forth herein.

36.     Defendant Oxford Management Services violated 15 U.S.C 1692e by representing misleading information in connection with the existence of a debt.

**<u>ANSWER</u>**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

37.     Defendant Oxford Management Services violated 15 U.S.C. 1692e(8) by communicating false credit information and failing to communicate that the debt was disputed.

**<u>ANSWER</u>**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

38.     Defendant Oxford Management Services violated 15 U.S.C. 1692f(1) by attempting to collect an amount not authorized or permitted by law.

**<u>ANSWER</u>**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

39.     Defendant Oxford Management Services violated 15 U.S.C. 1692g by failing to ever send Plaintiff a 30 day validation notice within five days of initial communication.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

40.    Defendant Oxford Management Services violated 15 U.S.C. 1692g(B) by failing to cease collection efforts after the dispute of the debt.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

41.    As a direct and proximate result of the above violations of the FDCPA Plaintiff has been injured and may continue to suffer such injury in the future.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

42.    As a direct and proximate result of the above violations of the FDCPA, Defendant Oxford Management Services is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

<u>SECOND CLAIM:  VIOLATION OF THE FAIR CREDIT REPORTING ACT</u>

43.    The Plaintiff re-alleges and incorporates paragraphs 1- 42 above as if fully set out herein.

__ANSWER__:     Trans Union reasserts its answers and responses set forth herein.

44.     Defendants, THD/Citibank USA and Oxford Management Services are "users" of credit information and "furnishers" of credit information as defined by the Fair Credit Reporting Act.

__ANSWER__:     Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

45.     Defendants THD/Citibank USA and Oxford Management Services violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2 by furnishing to credit reporting agencies inaccurate information about the debt, failing to state that the debt was not Plaintiff's or at least that the debt was disputed.

__ANSWER__:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

46.     Defendants THD/Citibank USA and Oxford Management Services each willfully violated the mandates of section 1681s-2[b] by failing to conduct an investigation with respect to the disputed information, failing to report the results of the investigation to the consumer reporting agencies, and failing to modify or delete the disputed item of information.  Such violations form the basis of negligence per se claim and an intentional tort, per se.

__ANSWER__:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

47.     Defendants Experian and TransUnion violated the mandates of 15 U.S.C. § 168l(i)(3)(a), by terminating the investigation without a basis for termination.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

48.     Defendants Experian and TransUnion violated the mandates of 15 U.S.C. §1681(i)(4) by failing to consider Plaintiff's information in investigating the dispute. Such violations form the basis of a negligence per se claim and an intentional tort, per se.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

49.     Defendants Experian and TransUnion violated the mandates of 15 U.S.C. §1681(i)(5)(a)(i) by failing to delete the inaccurate information from the Plaintiff's file.  Such violations form the basis of a negligence per se claim and an intentional tort, per se.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

50.     Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

51.     Defendants THD/Citibank USA and Oxford Management Services each knew or should have known or consciously avoided knowing that the information had [sic] repeatedly reported about plaintiff was false and improperly attributed to Plaintiff.   Defendants THD/Citibank USA and Oxford Management Services were further notified by plaintiff of the errors and the disputes, yet Defendants failed to report such information as disputed to the consumer reporting agencies.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

52.     Said information was negative and damaging to plaintiff.   Plaintiff sustained credit denials and inability to utilize her otherwise excellent credit score.   The publication of false consumer reports is evidenced in the inquiry section of the respective credit reports issued about plaintiff.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.   Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

53.     Defendants Experian and TransUnion each recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning Plaintiff with reckless disregard for the truth of the matters reported.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

54.    The consumer reporting agencies maintain subscriber contracts and relationships with Defendants separately and individually, under which Defendants are allowed to report credit data and have, [sic] same placed in the credit reporting files and records of those entities so that such data may be further reported to any and all of the thousands of subscribing entities and persons.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

55.    Under the subscriber contracts Defendants Experian and TransUnion each owes a number of duties, including the duty to report truthful and accurate information about its customers and other consumers, including plaintiff.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

56.    Defendants' publishing of the false and inaccurate information has severely damaged the personal and consumer reputation of Plaintiff and caused humiliation, emotional distress and mental anguish.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

57.     All Defendants were notified of their false reporting, however Defendants continued to hold Plaintiff liable for the debt, and would not delete the negative tradeline from her credit report.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

58.     All Defendants were aware that their reportings and activities would [and will] damage plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights she secured by honoring her obligations to her creditors.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

59.     As a direct and proximate result of the above violations of the FCRA, Plaintiff has been injured and may continue to suffer such injury in the future.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

60.     As a direct and proximate result of the above violations of the FCRA, Defendants are liable to Plaintiffs for declaratory judgment that Defendants' conduct violated the FCRA, and

Plaintiffs' actual damages, statutory damages, and costs and attorney's fees, pursuant to 15 U.S.C. 1681(n) and 15 U.S.C. 1981(o).

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

<u>THIRD CLAIM:  VIOLATION OF THE FAIR CREDIT BILLING ACT</u>

61.     The Plaintiff re-alleges and incorporates paragraphs 1-60 above as if fully set out herein.

**ANSWER**:   Trans Union reasserts its answers and responses set forth herein.

62.     Defendants THD/Citibank USA and Oxford Management Services each violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666(a)(A) ("FCBA") by its refusal and failure to respond to Plaintiff's dispute.

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

63.     Defendant THD/Citibank USA and Oxford Management Services each violated the Federal Fair Credit Billing Act, 15 U.S.C. §1666(a)(B)(i) ("FCBA") by its failure to make appropriate corrections in the account, including the removal of Plaintiff's name from the account, and by its failure to transmit to the Plaintiff a notification of such corrections and the creditor's explanation of any change in the amount indicated by the Plaintiff, as required by 15 U.S.C. §1666(a)(B)(i) ("FCBA").

**ANSWER**:   Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

64.    As a result of THD/Citibank USA's and Oxford Management Services' violation of the FCBA, Defendants are liable to Plaintiff for actual and statutory damages and for attorney's fees and cost pursuant to 15 U.S.C. §1640.

**ANSWER**:   Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

<u>THIRD CLAIM:  INFLICTION OF EMOTIONAL DISTRESS</u>

65.    The Plaintiff re-alleges and incorporates paragraphs 1 through 64 above as if fully set out herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

66.    This claim is for tortuous infliction of emotional distress caused to Plaintiff by Defendants.

**ANSWER**:    Trans Union denies that it violated the FCRA (or any other law).  Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

67.    Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a

response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

68.     During the course of their actions, and/or subsequent thereto, Defendants have recklessly and/or intentionally caused severe emotional distress to Plaintiff without protection of law and at a time when they knew or should have known that their actions would do so.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

69.     As a direct and proximate result thereof, Plaintiff was injured and may continue to suffer such injury in the future.

**ANSWER**:     Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

<u>FOURTH CLAIM:  DEFAMATION</u>

70.     The Plaintiff re-alleges and incorporates paragraphs 1 through 69 above as if fully set out herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

71.     Defendants recklessly, maliciously and/or intentionally, published and disseminated false and inaccurate information concerning plaintiff with reckless disregard for the truth of the matters asserted.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

72.    Defendants' publishing of such false and inaccurate information has severely damaged the personal and consumer reputation of plaintiff and caused severe humiliation, emotional distress and mental anguish to plaintiff.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

73.    Defendants were notified of inaccuracies and problems by plaintiff however, the Defendants continued to issue and/or publish report(s) to third parties, which contained inaccurate information about plaintiff. Defendants acted with willful intent and malice to harm plaintiffs.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

## FIFTH CLAIM:  NEGLIGENCE

74.    The Plaintiff re-alleges and incorporates paragraphs 1 through 73 above as if fully set out herein.

**ANSWER**:    Trans Union reasserts its answers and responses set forth herein.

75.    All Defendants owed a duty to Plaintiff to use reasonable care.

**ANSWER**:    Trans Union states that the allegations of this paragraph are legal conclusions and, so stating, denies them.

76.    Defendants Experian and TransUnion negligently ignored Plaintiff requests to remove the fraudulent account from her credit report.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union.  Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

77.    Defendant THD/Citibank USA negligently failed to investigate the claim and continued to validate the debt to credit bureaus after Plaintiff notified them about the identity theft.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

78.    Defendant Oxford Management Services negligently continued to collect the debt and continued to validate the debt to credit bureaus after Plaintiff notified them about the identity theft.

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

79.    Plaintiff suffered damages as a result of Defendant [sic] negligence.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union and denies the remaining allegations as they apply to Trans Union..  Trans Union denies that the remaining statements contained in this paragraph

require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

SIXTH CLAIM:  CONVERSION

80.     The Plaintiff re-alleges and incorporates paragraphs 1 through 79 above as if fully set out herein.

**ANSWER**:     Trans Union reasserts its answers and responses set forth herein.

81.     Defendant Antonio Lameiras acted intentionally or in reckless disregard of probable consequences in the exercise of dominion or control over Plaintiff's personal property, to wit, Plaintiff identity, as described.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

82.     Despite the Divorce Judge's order to close the accounts, Defendant Antonio Lameiras recklessly continued using a credit account in Plaintiff's name.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

83.     The manner in which Defendant Antonio Lameiras exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiff rights as property owners to enjoy and/or control her credit.

**ANSWER**:     Trans Union denies that the statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

84.    As a direct and proximate result of one or more of Defendant's acts of conversion and the injuries resulting from those acts, Plaintiff lost the intrinsic value of their property and suffered economic and non-economic damages.

**ANSWER**:    Trans Union denies the allegations of this paragraph as they apply to Trans Union. Trans Union denies that the remaining statements contained in this paragraph require a response from Trans Union as they do not constitute allegations asserted against it, pursuant to Rule 8(b)(1)(B), and thus are considered denied or avoided under Rule 8(b)(6).

### PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

**ANSWER**:    Trans Union denies that the statements contained in this paragraph require a response from Trans Union.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendants for the following:

A.    Declaratory judgment that Defendants' conduct violated the FDCPA and FCRA and declaratory and injunctive relief for Defendants' violations of the Consumer Act;

B.    Actual damages as proven at trial, on each and every claim;

C.    Statutory damages, where applicable;

D.    Costs and reasonable attorney fees; and

E.    For such other and further relief as may be just and proper.

Plaintiff hereby demands a trial by jury on all issues and all claims.

**ANSWER**:    Trans Union denies that Plaintiff is entitled to any damages, costs, fees or other relief from or against Trans Union.

## **AFFIRMATIVE DEFENSES**

1.      Plaintiff has failed to state a claim against Trans Union upon which relief may be granted.

2.      Plaintiff's claims are pre-empted by the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

3.      Trans Union's reports concerning Plaintiff were true or substantially true.

4.      Trans Union has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

5.      Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

6.      Plaintiff's claims are barred, in whole or in part, by 15 U.S.C. § 1681h(e) and/or § 1681(t).

7.      At all relevant times, Trans Union acted within the absolute and qualified privileges afforded it under the FCRA, the United States Constitution, applicable State Constitutions, and the common law.

8.      Plaintiff's claims are barred, in whole, or in part, by the equitable theories of estoppel, waiver, and laches.

9.      Plaintiff has failed to take reasonable steps to mitigate her damages, if any.

10.     Plaintiff's damages are the result of acts or omissions committed by Plaintiff.

11.     Plaintiff's damages are the result of acts or omissions committed by the other parties over whom Trans Union has no responsibility or control.

12.     Plaintiff's damages are the result of acts or omissions committed by non-parties to this action over whom Trans Union has no responsibility or control.

13.     Any claim for exemplary or punitive damages asserted by Plaintiff violates Trans Union's rights under the Due Process and Excessive Fines clauses of the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the analogous provisions of applicable State Constitutions, and under the First Amendment of the United States Constitution and the analogous provisions of applicable State Constitutions.

14.     Trans Union reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, Defendant Trans Union, LLC, by counsel, denies that Plaintiff is entitled to judgment or to any of the relief sought, and respectfully requests that judgment be entered in its favor and against Plaintiff on all counts set forth in the Complaint, and that Trans Union, LLC be awarded its costs incurred in defending this action, along with such other relief as this Court deems equitable and just.

Date:   February 8, 2011                                  Respectfully submitted,


                                                          *s/William R. Brown*
                                                          William R. Brown, Esq.   (WB5139)
                                                          Schuckit & Associates, P.C.
                                                          4545 Northwestern Drive
                                                          Zionsville, IN  46077
                                                          Telephone:  (317) 363-2400
                                                          Fax:  (317) 363-2257
                                                          E-Mail:  wbrown@schuckitlaw.com

                                                          *Counsel for Trans Union, LLC*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing has been filed electronically on the **8th day of February, 2011**.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic filing.

| Shmuel B. Klein, Esq.<br>shmuel.klein@verizon.net | |

The undersigned further certifies that a true copy of the foregoing was served on the following parties via First Class, U.S. Mail, postage prepaid, on the **8th day of February, 2011**, properly addressed as follows:

| None | |

*s/ William R. Brown*
William R. Brown, Esq.   (WB5139)
Schuckit & Associates, P.C.
4545 Northwestern Drive
Zionsville, IN  46077
Telephone:  (317) 363-2400
Fax:  (317) 363-2257
E-Mail:  wbrown@schuckitlaw.com

*Counsel for Trans Union, LLC*