**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUANN DUNKINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITIGROUP INC. (d/b/a)<br>THD/CITIBANK USA, et al.,<br><br>    Defendants. | Civil Action No.:<br>10-6489 (PGS)<br><br>MEMORANDUM AND ORDER |

**SHERIDAN, U.S.D.J.**

    This matter comes before the Court on defendant Citibank (South Dakota), N.A.'s ("Citibank") motion to dismiss [Docket Entry No. 16] and defendant Trans Union LLC's ("Trans Union") motion for judgment on the pleadings [Docket Entry No. 28]. For the reasons stated below, both motions are granted.

I

    In 1997, plaintiff Luann Dunkinson opened a joint Home Depot/Citibank credit card account (the "Account") with her then-husband, defendant Antonio Lameiras. In her complaint, Ms. Dunkinson characterizes the account as a "joint" account. Compl. ¶ 12. Elsewhere, Ms. Dunkinson makes clear that the activation and use of the Account was the sole province of Mr. Lameiras. Opp'n Br. ¶ 6, Mar. 21, 2011. As part of a final judgment of divorce dated July 7, 1999, an interspousal agreement was incorporated into it and it was binding on the parties. Pursuant to the interspousal agreement, Mr. Lameiras was to remove Ms. Dunkinson from the Account as a secondary cardholder, pay the outstanding balance ($2,239), destroy the credit card associated with the Account, and refrain from incurring any additional charges on the Account for which Ms. Dunkinson

could be liable.

More than a decade later, Ms. Dunkinson learned Mr. Lameiras failed to cancel the credit card. Ms. Dunkinson claims that Mr. Lameiras continued to use the Account fraudulently, without her knowledge or consent, incurring a balance for which Ms. Dunkinson is now jointly liable. In her complaint, Ms. Dunkinson states that she learned of the amount outstanding in January 2010 when her daughter was applying for a student loan. Ms. Dunkinson further states that, prior to her discovery of Mr. Lameiras' fraud in January 2010, she never received a notice or collection communication from Citibank.

On April 9, 2010, Ms. Dunkinson filed a motion in the Family Part of the Chancery Division of the Superior Court of New Jersey against Mr. Lameiras. In the motion, Ms Dunkinson's requested that the court relieve the collection efforts against her and remove the derogatory account from her credit account. On May 28, 2010, Judge E. David Millard ordered Mr. Lameiras to satisfy the debt and to close the Citibank Account. Judge Millard also made Mr. Lameiras responsible for reimbursing Ms. Dunkinson in the event Ms. Dunkinson is compelled to pay off any portion of the debt. However, Judge Millard refrained from removing Ms. Dunkinson from liability because Citibank was not a party to this case.

On December 14, 2010, Ms. Dunkinson filed this complaint against Citibank; Trans Union, Experian Information Solutions, Inc. ("Experian"); Oxford Collection Agency, Inc. d/b/a Oxford Management Services; and Antonio Lameiras, under the Fair Credit Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, (the "FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, (the "FCRA"), the Fair Credit Billing Act,, 15 U.S.C. § 1666, *et seq.*, (the "FCBA"), and additional state laws. In her complaint, Ms. Dunkinson requests both damages and an injunction that absolves her

of responsibility for all debt and interest on the Account and removes the negative trade history from her credit report.

Ms. Dunkinson's complaint principally relies on the theory that the bank that opened the Account (Citibank), the company hired by Citibank to collect the debt (Oxford Collection Agency), and a pair of credit reporting agencies (Experian & Trans Union) are liable under federal statute for incorrectly including the Account in Ms. Dunkinson's credit report after Ms. Dunkinson notified the companies of Mr. Lameiras' fraud (January 2010). Notably, Ms. Dunkinson's complaint does not allege that Citibank or any of the associated parties had any notice of the final judgment of divorce or the Interpersonal Agreement wherein Ms. Dunkinson was to be removed from the Account prior to January 2010.[1]

On March 07, 2011, Citibank filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). On November 11, 2011, Trans Union filed a motion for judgment on the pleadings.

II

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted, a court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the Plaintiff].) *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires

---

[1] As stated in the Citibank's Reply Brief: "Plaintiff makes no allegation in the Complaint or in the [Opposition Brief], that she, or her ex-husband, contacted Citibank to remove her name from the Account after Final Judgment was issued over 10 years ago." Reply Brief, at 5 (emphasis omitted). Of course, this omission does not foreclose the possibility of amending the complaint.

3

more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (plaintiff must allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (internal quotations omitted)).

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(c), our courts have noted that "a motion to dismiss for failure to state a claim under Rule 12(c) is identical to one filed under Rule 12(b)(6), except Rule 12(c) allows for the motion to be filed after the filing of an answer, while Rule 12(b)(6) allows for the motion to be made in lieu of an answer." *Wellness Pub. v. Barefoot*, No. 02-3773, 2008 WL 108889, at *6 (D.N.J. Jan.9, 2008); *see also* Fed.R.Civ.P. 12(h)(2)(B). In either instance, a court is to use the same standard in evaluating the motions. *Reinbold v. U.S. Post Office*, 250 Fed. App'x 465, 466 n.1 (3d Cir. 2007).

III

Plaintiffs allege that Citibank violated the Fair Credit Billing Act, that both Citibank and Trans Union violated the Fair Credit Reporting Act, and that both Citibank and Trans Union are liable for three state law causes of action: infliction of emotional distress, defamation, and negligence.

First, all three of Plaintiff's state law causes of action must fail as to both Citibank and Trans Union. Plaintiffs state law claims for intentional infliction of emotional distress, defamation, and negligence are all based on allegations that Citibank and Trans Union furnished inaccurate information regarding Plaintiff's Account and failed to investigate her disputes. Compl. ¶¶ 65-79. The Federal Credit Reporting Act expressly preempts state law claims where, as here, such claims

implicate conduct that the Federal Credit Reporting Act exclusively regulates. *See* 15 U.S.C. § 1681t(b)(1)(F); *Bartley v. LVNV Funding, LLC*, No. 09-3884 (KSH), 2010 WL 2629072, at *4 (D.N.J. June 28, 2010).

Second, Plaintiff's allegations against Citibank and Trans Union under the Fair Credit Reporting Act must also fail. Plaintiff alleges that Citibank violated 15 U.S.C. § 1681s-2 by furnishing inaccurate information about a debt to credit reporting agencies and 15 U.S.C. § 1681s-2[b] for failing to conduct an investigation with respect to the disputed information, failing to report results of the investigation to consumer reporting agencies, and failing to modify or delete the dispute item of information. Compl. ¶¶ 45, 46. Plaintiff also alleges that Trans Union violated 15 U.S.C. § 1681 by terminating a credit investigation without a basis for the termination, committing "negligence per se or an "intentional tort, per se" by failing to consider Plaintiff's information in investigating the dispute, and failing to delete inaccurate information from Plaintiff's file. Compl. ¶¶ 47-49.

All of these allegations are premised on the argument that Plaintiff is not liable for the outstanding debt on the Account. *See* Compl. ¶¶ 12, 13, 43. However, it is clear from the pleadings that Plaintiff is responsible for the debt. Plaintiff admits that the Account was opened as a joint account, and Plaintiff admits that Citibank was not notified to close the Account until January 2010. Compl. ¶¶ 12, 20. Plaintiff attempts to evade this result by citing to the interspousal agreement, certifying that Plaintiff never used the Account after the divorce, and by likening the instant case to a case of identity theft. Opp'n Br. 8-9, Mar. 21, 2011. However, Plaintiff never alleges that Citibank was notified of the interspousal agreement before January 2010. *See generally*, Compl.; Opp'n Br., Mar. 21, 2011. Furthermore, Citibank is not bound by the terms of the interspousal agreement. *See*

*In Re Becker*, 136 B.R. 113, 118 (Bankr. D.N.J. 1992); *Freda v. Commercial Trust Co.*, 570 A.2d 404, 414 (N.J. 1990). Finally, Plaintiffs' identity theft analogy is inappropriate. Under the statute, "unauthorized use" amounting to identity theft includes "use of a credit card by a person other than the cardholder who does not have actual, implied, or apparent authority for such use." 15 U.S.C. § 1602(o). Here, Mr. Lameiras had such use. Compl. ¶ 12; *see also State Savings Bank v. Watts*, No. 96APG06-809, 1997 WL 101658, at *2 (Ohio Ct. App., Mar. 4, 1997) (holding that ex-wife was properly held responsible for joint credit card account that she admitted having applied for). Since even under a favorable reading of the pleadings, Plaintiff may be responsible for the debt on the Account,[2] Plaintiff has presented no reasonable claim that either Citibank or Trans Union violated the Fair Credit Reporting Act. *See, e.g., Klotz v. Trans Union, LLC*, 246 F.R.D. 208, 212-23 (E.D. Pa. 2007).

Third, Plaintiff's allegations against Citibank under the Fair Credit Billing Act must also fail. The Fair Credit Billing Act gives certain consumers a very specific right to require a credit card issuer to investigate and resolve certain types of alleged "billing errors" that may appear on monthly billing statements. 15 U.S.C. § 1666; 12 C.F.R. § 226.13. However, a creditor's obligations "are not triggered unless, within sixty days of transmitting a billing statement, [the creditor] 'receives at [the appropriate address] a written notice from the obligor detailing the alleged error." *Maranto v. CitiFinancial Retail Servs., Inc.*, 448 F. Supp. 2d 758, 760-61 (W.D. La. 2006) (quoting 15 U.S.C. § 1666(a)). Here, Plaintiff fails to allege that she submitted a written dispute to Citibank within sixty days of receipt of a monthly billing statement. To the contrary, Plaintiffs dispute is predicated on

---

[2] The finding that Plaintiff is presently responsible for the debt on the Account should in no way be read to insulate Mr. Lameiras from ultimate responsibility for the debt.

information received in a credit report long after the billing statements were mailed. Compl. ¶¶ 9-13. The Fair Credit Billing Act is not amenable to such a claim.

### IV

For the reasons stated in the above memorandum,

IT IS on this 3rd day of January, 2011

ORDERED that defendant Citibank's motion to dismiss [Docket Entry No. 16] is GRANTED and that Plaintiff's complaint against Citibank is DISMISSED AS TO CITIBANK; and

ORDERED that defendant Trans Union's motion for judgment on the pleadings [Docket Entry No. 28] is GRANTED, and that Plaintiff's complaint against Trans Union is DISMISSED AS TO TRANS UNION.

_____
PETER G. SHERIDAN, U.S.D.J.

January 3, 2011